THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:92CR11 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FERRIS T. VALENTINE, | ) | |
| | ) | |
| Defendant. | ) | |

Once again, defendant Ferris Valentine has filed a 28 U.S.C. § 2255 motion challenging his sentence. As stated in prior orders of this court, the defendant's judgment of conviction became final on February 21, 1995. (Filing 397 (Magistrate Judge's Recommendation to deny Defendant's three § 2255 motions); Filings 404, 405 (District Judge's order adopting Recommendation; Judgment denying Defendant's § 2255 motions with prejudice).)

Valentine's most recent § 2255 motion challenges his appointed counsel's alleged ineffectiveness in Valentine's 18 U.S.C. § 3582(c)(2) proceedings. (*See* Filing 478, Memorandum and Order (July 9, 2008) denying Valentine's 18 U.S.C. § 3582(c)(2) motion for reduction of sentence due to retroactive crack Guideline changes.) Specifically, Valentine asserts that his counsel failed to investigate and present facts in the § 3582(c)(2) proceedings that suggested "double counting" of the drug amount charged to Valentine and that established retaliation by Bureau of Prison employees that misstated Valentine's institutional conduct. (Filing 489, Defendant's § 2255 Motion & Brief, at CM/ECF pp. 20-24.)

Valentine's motion must be denied for several reasons. First, although counsel was appointed to represent him, Valentine did not have a constitutional or statutory right to counsel in his § 3582(c)(2) proceedings, so there is no basis for Valentine to make an ineffective assistance of counsel claim with regard to those proceedings.

*United States v. Harris*, 568 F.3d 666, 668 (8th Cir. 2009) (Sixth Amendment right to counsel does not extend beyond first appeal; there is no right to appointed counsel in sentence modification proceedings under § 3582(c)); *Ahdnahd v. United States*, No. 4:08-CV-858, 2008 WL 2563730, at *1 (E.D. Mo. June 25, 2008) (denying § 2255 motion seeking to challenge sentence modified under § 3582(c) because (1) motion was untimely; (2) ruling on § 3582 motion is not subject to collateral attack via § 2255 motion; and (3) defendant did not have Sixth Amendment right to counsel during § 3582(c) proceedings, so no basis existed for ineffective assistance of counsel argument).

Second, Valentine's sentence became final for purposes of section 2255 on or about February 21, 1995, and Valentine's fairly recent section 3582 proceedings do not alter the finality of this criminal judgment. 18 U.S.C. § 3582(b)(notwithstanding fact that sentence can be modified pursuant to § 3582(c), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes"); *see e.g.,* USSG §1B1.10(a)(3), p.s. (proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant"). As a result, Valentine's § 2255 motion is barred by the applicable one-year statute of limitations. 28 U.S.C. § 2255(f).

Finally, Valentine's § 2255 motion constitutes a second or successive collateral attack.[1] "A second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). If such certification has not been obtained, the district court "should dismiss" the motion "for failure to obtain authorization from the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Because there is no indication that Valentine has sought such certification from the Eighth Circuit Court of Appeals, his § 2255 motion should be dismissed.

---

[1]*See* Filings 385, 389, 393 (prior § 2255 motions filed by Defendant in this case).

Accordingly,

IT IS ORDERED:

1. Defendant's motion under 28 U.S.C. § 2255 (filing 489) is denied;

2. Judgment shall be entered by separate document;

3. The Clerk of Court shall provide a copy of this memorandum and order and accompanying judgment to the Eighth Circuit Court of Appeals; and

4. A copy of this memorandum and order and accompanying judgment shall be mailed to the defendant at his last-known address.

DATED this 6th day of January, 2010.

                                              BY THE COURT:
                                              s/ *Richard G. Kopf*
                                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.